correctUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MACRO COMPANIES, INC. | CIVIL ACTION NO. 6:18-cv-01145 |
| VERSUS | JUDGE SUMMERHAYS |
| DEARYBURY OIL & GAS, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the court is the motion to set aside default (Rec. Doc. 9), which was filed by defendant Dearybury Oil & Gas, Inc. The motion is not opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

## Background

The plaintiff, Macro Companies, Inc., filed this lawsuit in the 15th Judicial District Court, Lafayette Parish, Louisiana on July 11, 2018, contending that the defendants failed to pay a $250,000 commission owed in connection with Macro's having arranged for the sale of five million gallons of ultra-low-sulfur diesel and the transportation of that diesel to Puerto Rico in the aftermath of Hurricane Maria.

On August 16, Macro filed a motion for preliminary default, alleging that Dearybury had been properly served but had not responded to the suit in a timely fashion. (Rec. Doc. 6-1 at 95-96). The state court issued an order of preliminary default the next day. (Rec. Doc. 6-1 at 95-96). Three days after that, counsel for

Dearybury and counsel for Macro both signed a letter indicating that Dearybury's counsel had advised that he would be enrolling in the suit, that Macro would take no adverse action against Dearybury with advance notice, and that Dearybury had another month (until September 19) to file responsive pleadings. (Rec. Doc. 9-1).

On August 31, the action was removed to this forum by defendant Florida Marine Transporters, L.L.C. (Rec. Doc. 1). Dearybury consented to the removal. (Rec. Doc. 1-7).

On September 11, Dearybury filed its answer, but the answer was deemed deficient because the only permissible response from a party in default is a motion to set aside the default. (Rec. Doc. 8). That same day, Dearybury filed the instant motion to set aside the default (Rec. Doc. 9), which is now before the court for resolution.

## Law and Analysis

Rule 55 of the Federal Rules of Civil Procedure governs applications for default judgment. It states that a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[1] However, the Fifth Circuit generally disfavors default judgments and

---

[1] Fed. R. Civ. P. 55(a).

favors resolving cases on their merits.[2] Consequently, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[3] Even when a defendant is technically in default, a "party is not entitled to a default judgment as a matter of right."[4] This principle is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[5] Therefore, the entry of a default judgment is committed to the discretion of the district court.[6]

A party is entitled to the entry of default by the clerk of court if the opposing party fails to plead or otherwise defend as required by law.[7] This first step, entry of a default, is a ministerial matter performed by the clerk, and is a prerequisite to a later default judgment. Under Louisiana state law, an order of preliminary default,

---

[2] See, e.g., *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

[3] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[4] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[5] *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)).

[6] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

[7] Fed. R. Civ. P. 55(a).

like the one issued in this case, is a prerequisite to the confirmation of a judgment of default. Therefore, the order obtained by Macro in the 15th Judicial District Court is similar to a clerk of court's entry of default.

An entry of default may be set aside if the party seeking relief shows good cause.[8] The decision lies within the sound discretion of the district court,[9] and should be based on considerations of whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.[10] These factors are neither talismanic nor exclusive, and other factors may be considered,[11] including whether "the defendant acted expeditiously to correct the default."[12] Regardless of the specific factors considered, any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.[13] Furthermore, "the requirement of good cause has generally been interpreted

---

[8] Fed. R. Civ. P. 55(c).

[9] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

[10] *Lacy v. Sitel Corp.*, 227 F.3d at 292; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *United States v. One Parcel of Real Property*, 763 F.2d at 183.

[11] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

[12] *Lacy v. Sitel Corp.*, 227 F.3d at 292; *In re Dierschke*, 975 F.2d at 184.

[13] *Chavers v. Hall*, 488 Fed. App'x 874, 878-79 (5th Cir. 2012).

liberally,"[14] and in this case, this Court finds that there is good cause to set aside the clerk's entry of default.

There is no evidence that the default was willful or intentionally designed to delay the proceedings, and Dearybury attempted to file its answer in this court less than sixty days after the suit was commenced. At this early state in the litigation, setting the default aside will not prejudice the plaintiff. Indeed, the evidence submitted indicates that Dearybury's counsel was retained promptly and engaged in effective communications with the plaintiff's counsel early on. In fact, the plaintiff agreed to not to seek confirmation of default and was agreeable to Dearybury's filing responsive pleadings even as much as a week later than Dearybury actually did so. Dearybury acted expeditiously to cure the default and to respond to the plaintiff's petition, and the plaintiff has no opposition to the default being cured. Furthermore, Dearybury has articulated potentially meritorious defenses, including denying the existence of any written or oral contract between Dearybury and any other party in connection with the transactions alleged in Macro's petition. These factors weigh heavily and unanimously in favor of setting aside the state court's order for preliminary default.

---

[14] *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

## **Conclusion**

Having found that all relevant factors favor setting aside the state court's order for preliminary default,

IT IS ORDERED that the defendant's motion to set aside default (Rec. Doc. 9) is GRANTED.

Signed at Lafayette, Louisiana, on October 10th, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE