UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MACRO COMPANIES, INC. | CIVIL ACTION NO. 6:18-cv-01145 |
| VERSUS | JUDGE SUMMERHAYS |
| DEARYBURY OIL & GAS, INC., ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending is the motion to remand (Rec. Doc. 11) that was filed by the plaintiff, Macro Companies, Inc. The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted and this matter be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

### Background

The plaintiff, Macro Companies, Inc., initiated this lawsuit by filing a "Petition for Breach of Contract and Monies Due" in the 15th Judicial District Court, Lafayette Parish, Louisiana. Macro sued three defendants: Dearybury Oil & Gas, Inc., Florida Marine Transporters, L.L.C., and Kenneth R. Pullen. In the petition, Macro alleged that approximately a week after Hurricane Maria struck Puerto Rico in September 2017, the Federal Emergency Management Agency ("FEMA") asked

Macro to source five million gallons of ultra-low-sulfur diesel fuel and arrange for the purchase of the diesel and its delivery to Puerto Rico. Macro alleged that discussions ensued between Clyde Guilbeau (representing Macro), Mr. Pullen (representing Florida Marine), and Bill Dearybury, III (representing Dearybury), resulting in an agreement by which Dearybury would sell the diesel to FEMA, Macro would coordinate the transport and delivery of the diesel to Puerto Rico, and Macro would be paid a commission of five cents per gallon, or a total of $250,000. Macro alleged that two separate contracts were created: the contract by which Dearybury sold diesel fuel to FEMA, and the contract by which Dearybury, Florida Marine, and Mr. Pullen agreed to pay a commission to Macro.

The diesel was transported to Puerto Rico on a vessel called the SEA-CHEM 1, which arrived in San Juan on or shortly after October 3, 2017. When the commission was not promptly paid, Macro invoiced Dearybury on November 29, 2017 for the unpaid commission. In the petition, Macro articulated a claim for specific performance of the contract allegedly confected among Macro, Dearybury, Florida Marine, and Mr. Pullen and a claim for damages attributable to the defendants' delay in paying the claimed commission. Macro did not sue FEMA, and no federal law was cited in the petition.

Florida Marine removed the action to this forum (Rec. Doc. 1), and Dearybury consented to the removal (Rec. Doc. 1-7). Florida Marine alleged that this court has subject-matter jurisdiction over the action under 28 U.S.C. § 1331 because the plaintiff's claim arises under federal law. The plaintiff responded to the removal notice with the instant motion to remand.

## Law and Analysis

### A.  Federal Question Jurisdiction

Federal courts exercise limited jurisdiction.[1] For that reason, a "suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise."[2] In this case, when Florida Marine removed the action, it invoked federal subject-matter jurisdiction solely on the basis of the presence of a federal question.[3] Therefore, as the parties invoking federal jurisdiction, the defendants must bear the burden of demonstrating the existence of

---

[1]  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]  *Howery v. Allstate*, 243 F.3d at 916.

[3]  Rec. Doc. 1, p. 3, ¶9.

a federal question.[4] The removal statutes are strictly construed in favor of remand and against removal.[5]

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[6] Therefore, a defendant may remove a case to federal court based on the presence of a federal question when a plaintiff asserts a claim or right arising under the Constitution or under the treaties or laws of the United States.[7]

**B.** <u>**The Claim Asserted in the Plaintiff's Petition**</u>

Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[8] Under the well-pleaded complaint rule,

---

[4] *In Re: Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

[5] *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

[6] 28 U.S.C. § 1331.

[7] *In Re: Hot-Hed, Inc.*, 477 F.3d at 323.

[8] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

"there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[9]

On its face, the plaintiff's complaint does not seek the interpretation of a federal agency contract or a federal statute. Although the plaintiff alleged that Dearybury contracted with FEMA for the sale of diesel fuel, the plaintiff also alleged that a second, separate contract was confected among Macro, Dearybury, Florida Marine, and Mr. Pullen for the payment of a commission to Macro for facilitating Dearybury's contract with FEMA. Macro alleged that the second contract was breached – not the contract between FEMA and Dearybury. Macro did not sue FEMA, and Macro did not allege that the contract between FEMA and Dearybury obligated either FEMA or Dearybury to pay a commission to Macro. Instead, Macro alleged that it is owed a commission by Dearybury, Florida Marine, and Mr. Pullen under the terms of the separate contract between them. Furthermore, Macro did not cite any federal law in its complaint, did not allege that the dispute underlying the lawsuit is based on or arises out of federal law, and did not suggest that any federal law provides a basis for resolving the dispute. To the contrary, the only law referenced in the complaint is Louisiana state law. Accordingly, this Court

---

[9] *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). See, also, *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. App'x 343, 344 (5th Cir. 2007).

5

concludes that, when the well-pleaded complaint rule is applied – as it must be – the inescapable conclusion is that the plaintiff's complaint does not present a federal question that would support subject-matter jurisdiction in federal court.

## C. A Defense Cannot Provide the Basis for Subject-Matter Jurisdiction

Florida Marine and Dearybury both argued that all contracts to which a federal agency is a party are governed by federal law and that the contract between FEMA and Dearybury must be interpreted to determine whether Macro is owed a defense. While it is correct that the interpretation of contracts between federal government agencies and private parties are generally governed by federal law,[10] the plaintiff did not assert a claim for interpretation of the alleged contract between FEMA and Dearybury. If interpretation of that contract is necessary, it is necessary only because the defendants have raised the importance of the terms and provisions of that contract as a defense to the plaintiff's claim for interpretation of the alleged separate contract between Macro, Florida Marine, Dearybury, and Mr. Pullen. That is not a valid basis for federal question jurisdiction.

---

[10] *AAA Bonding Agency, Inc. v. U.S. Dept. of Homeland Sec.*, 596 Fed. App'x 294, 297 (C.A.5 5th Cir. 2015) ("The rights and obligations of the United States with respect to contracts entered into pursuant to federal statutes are traditionally governed by federal law."). See, also, *Priebe & Sons v. United States*, 332 U.S. 407, 414 (1947) (Black, J., dissenting) ("[T]he decisions of this Court. . . hav[e] established that the construction and validity of all Government contracts are governed by federal law....") (emphasis in original) (citations omitted).

"The fact that a federal defense may be raised to the plaintiff's action, even if both sides concede that the only real question at issue is created by a federal defense, will not suffice to create federal question jurisdiction."[11] A defendant may not remove a case on the basis of an anticipated or even inevitable federal defense but instead must show that a federal right is an essential element of the plaintiff's cause of action.[12] "In other words, 'federal-question jurisdiction turns upon thrusts, not parries.'"[13] "[T]he presence of a federal question. . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule – that the plaintiff is the master of the complaint, [and] that a federal question must appear on the face of the complaint."[14] Succinctly, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced."[15] Accordingly, the mere fact that a contract between a government agency and a private party exists and the defendants might rely on the terms and provisions of such a contract as a defense to

---

[11] *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989).

[12] *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 111 (1936)).

[13] *PlainsCapital Bank v. Rogers*, 715 Fed. App'x 325, 329 (5th Cir. 2017) (quoting *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1027 (10th Cir. 2012)).

[14] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

[15] *Merrell Dow Pharm, Inc. v. Thompson*, 478 U.S. 804 n. 6 (1986).

7

the plaintiff's claims is not a sufficient basis for federal question jurisdiction. This Court therefore finds that the defendants have not established that the court has federal question jurisdiction over this action.

**D.     No Embedded Federal Law Issue Confers Jurisdiction**

When a plaintiff's complaint states only a state law cause of action, federal question jurisdiction might exist if "the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law."[16] But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case.[17] Instead, in *Grable & Sons Metal Products v. Darue Engineering*, the United States Supreme Court formulated the relevant inquiry as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[18] Accordingly, the Fifth Circuit has articulated four requirements

---

[16]     *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (quoting *Franchise Tax Bd. Of the State of Calif. V. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 9 (1983)).

[17]     *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir. 1988); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

[18]     *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

that must be met when determining whether a federal issue embedded in a state law cause of action will confer federal question jurisdiction. Federal question jurisdiction is appropriate when: (1) resolving the federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[19]14

In this case, the plaintiff stated only a state law claim for breach of contract. But Florida Marine argued that Macro's right to be paid a commission for its role in facilitating the parties' transaction "is dependent on and derives from the terms of the federal contract" between FEMA and Dearybury. Therefore, the question to be resolved is whether, under the Fifth Circuit's four-part test, the federal law issue presented here is sufficient to establish federal-question jurisdiction.

The first factor to be considered is whether resolving a federal issue is necessary to resolution of the state-law claim. Although Florida Marine and Dearybury argued that interpreting the contract between FEMA and Dearybury is a necessary precursor to interpreting the contract between Dearybury, Florida Marine, Mr. Pullen, and Macro, they have not identified any terms or provisions of that

---

[19]    *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

contract that are relevant to the dispute regarding the commission allegedly owed to Macro nor have they identified any federal statute or jurisprudence that might dictate how the contract creating the commission obligation must be resolved. Thus, they have not identified a federal issue that is necessary to resolve Macro's state-law breach of contract claim.

The defendants relied primarily on the *Amoco Chemical Co. v. ex Tin Corp.*[20] There, Amoco, Tex Tin, and the EPA entered into an Administrative Order on Consent ("AOC") having to do with the environmental remediation of adjacent lots of real estate owned by Amoco and Tex Tin in Texas City, Texas. Then Tex Tin and Amoco entered into a separate Funding Agreement that apportioned their costs for a study required by the AOC. When Amoco sued Tex Tin for breach of the funding agreement, the court found that it had federal question jurisdiction because interpretation of the AOC was necessary to resolving the claim regarding the funding agreement and the AOC was governed by federal law. More specifically, the court said: "Since the Funding Agreement allocates only those expenses incurred under the AOC, the AOC must be interpreted to determine whether any duties actually arose under the Funding Agreement."[21] Those facts are significantly different from

---

[20]  902 F.Supp. 730 (S.D. Tex. 1995).

[21]  *Amoco Chemical Co. v. Tex Tin Corp.*, 902 F.Supp at 735.

10

the facts presented here. In this case, only Dearybury is alleged to have contracted with FEMA, and the plaintiff did not allege that the obligation to pay a commission to Macro arose in the contract between Dearybury and FEMA; instead, the plaintiff contends that a wholly separate contract created that obligation. In the *Amoco* case, however, both parties to the private agreement were also parties to the government contract, and the government contract created the obligation that was being shared in the funding agreement. Furthermore, the defendants have not pointed out any provision in the contract between Dearybury and FEMA or in any statute or regulation governing FEMA that would impact the defendants' obligations to pay a commission to Macro. Therefore, this Court finds that the defendants have not identified a federal issue that is necessary for the resolution of Macro's state-law breach of contract claim.

    The second factor to be considered is whether a federal issue is actually disputed. Because the defendants have not identified a federal issue they consequently have not established that a federal issue is actually disputed.

    The third factor is whether the federal issue is substantial. Having found that no federal issue has been identified, this Court further finds that the defendants have not identified a substantial federal issue.

11

The final factor to be considered is whether federal jurisdiction will disturb the balance of federal and state judicial responsibilities. This Court finds that, in this case, it would. The issue presented in this lawsuit is a state-law breach of contract claim, and no federal law, statute, or doctrine has been cited as governing the dispute. Therefore, the defendants have not persuaded this Court that the state-law breach of contract issue should be converted into a federal question supporting federal court jurisdiction. The state court where the suit was originally filed is more than capable of determining whether a contract for the payment of a commission to Macro was created and if so whether it was breached.

After carefully considering the four relevant factors, this Court finds that the factors mandate a finding that the court lacks federal question jurisdiction over this lawsuit.

## **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for remand (Rec. Doc. 11) be GRANTED and this matter be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on October 23rd , 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE